UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BRECKENRIDGE EDISON DEVELOPMENT, L.C.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No. 4:10-CV-1637-SNLJ |
| **SHERATON OPERATING CORP.,** ) ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action against defendant in August 2010 and filed for bankruptcy a month later. Plaintiff filed a Suggestion of Bankruptcy (#17) and asserted that the automatic stay provision of 11 U.S.C. § 362 applied. Rather than stay the matter, on September 21, 2010, the Court ordered the case to be administratively closed "until such time as the bankruptcy proceedings have been concluded or Court action is otherwise required." (#18.)

On June 14, 2013, plaintiff filed the instant Motion for Removal of Stay (#20). Plaintiff asserts that its Chapter 11 bankruptcy proceeding (U.S. Bankruptcy Court, E.D. Mo., No. 10-50558) was dismissed April 7, 2011 and requests a Rule 16 Scheduling Conference. In a separate motion, plaintiff seeks to amend its complaint (#21).

Defendant opposes plaintiff's motions. It suggests that plaintiff filed for bankruptcy and then, more recently, moved to amend its complaint to avoid responding to defendant's Motion to Dismiss or Transfer for Improper Venue (#10), filed September 14, 2010. Defendant suggests that plaintiff's case should be dismissed due to plaintiff's failure to prosecute this matter in the more than two years that have passed since the bankruptcy matter was dismissed. Plaintiff explains that it did not move to reinstate this matter during that time because it believed its

claims against defendant would be remedied or at least affected (to some extent) by the plaintiff's secured lender as part of the actions that were taken as a result of the bankruptcy dismissal, but the anticipated actions have not occurred (*see* #25 at 2-4).

Defendant's primary concern appears to be the resolution of its motion to dismiss or transfer venue. The Court agrees that the defendant's motion should be resolved before plaintiff's motion to amend.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Removal of Stay (#20) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (#21) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Clerk shall re-docket the defendant's Motion to Dismiss or Transfer for Improper Venue (#10) as of the date of this Order.

**IT IS FINALLY ORDERED** that the defendant shall be permitted until August 14, 2013 in which to file supplemental briefing, if any, on its Motion to Dismiss or Transfer for Improper Venue; plaintiff shall have until August 21, 2013 in which to file a response, and defendant shall have until August 28, 2013 to file a reply.

Dated this  31st  day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

.